

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN, TEXAS 78711**

CRAWFORD C. MARTIN
ATTORNEY GENERAL

September 11, 1969

Mr. Joe Resweber
County Attorney
Harris County Courthouse
Houston, Texas 77002

Dear Mr. Resweber:

Opinion Request No. M-467

Re: Authority of sheriff and deputies under Article 6701d, Section 94, Vernon's Civil Statutes, to remove automobiles left on county roads.

Your opinion request contains the following two questions:

(1) Do the Sheriff of Harris County and his deputies have the authority to remove an automobile from county roads to a garage under the conditions stated in Article 6701d, Section 94, Subsection (c), Paragraphs 1, 2, 3, 4, 5 and 6, Vernon's Civil Statutes?

(2) If the answer to the above question is in the negative, what duties and authority, if any, do the Sheriff of Harris County and his deputies have in regard to automobiles left on county roads under such conditions?

The statute in question, Article 6701d, Section 94, V.C.S., reads as follows:

"Sec. 94. (a) Whenever any police officer finds a vehicle standing upon a highway in violation of any of the foregoing provisions of this article such officer is hereby authorized to move such vehicle, or require the driver or other person in charge of the vehicle to move the same, to a position off the paved or main-traveled part of such highway.

"(b) Whenever any police officer finds a vehicle unattended upon any bridge or causeway or in any tunnel where such vehicle constitutes an obstruction to traffic, such officer is hereby authorized to provide for the removal of such vehicle to the nearest garage or other place of safety.

"(c)   Any commissioned member of the Department of Public Safety is hereby authorized to remove a vehicle from a highway to the nearest garage or other place of safety, or to a garage designated or maintained by the governmental agency of which the officer is a member, under the circumstances hereinafter enumerated:

"1.   When any vehicle is left unattended upon any bridge, viaduct or causeway, or in any tube or tunnel where such vehicle constitutes an obstruction to traffic;

"2.   When any vehicle is illegally parked so as to block the entrance to any private driveway and it is impracticable to move such vehicle from in front of the driveway to another point on the highway;

"3.   When any vehicle is found upon a highway and report has previously been made that such vehicle has been stolen or complaint has been filed and a warrant thereon issued charging that such vehicle has been embezzled;

"4.   When any such officer has reasonable grounds to believe that any vehicle has been abandoned;

"5.   When a vehicle upon a highway is so disabled that its normal operation is impossible or impractical and the person or persons in charge of the vehicle are incapacitated by reason of physical injury or other reason to such an extent as to be unable to provide for its removal or custody, or are not in the immediate vicinity of the disabled vehicle;

"6.   When an officer arrests any person driving or in control of a vehicle for an alleged offense and such officer is by this code or other law required to take the person arrested immediately before a magistrate.

"(d)   Any commissioned member of the Department of Public Safety is hereby authorized to remove

any vehicle parked or standing in or on any
portion of a highway when, in the opinion of
the said member of the Department of Public
Safety, the said vehicle constitutes a hazard,
or interferes with a normal function of a
governmental agency, or by reason of any catas-
trophe, emergency or unusual circumstance the
safety of said vehicle is imperiled."

Article 6701d contains the following definitions:

(1) Police officer: "Sec. 11. Every
officer authorized to direct or regulate traffic
or to make arrests for violations of traffic
regulations."

(2) Highway: "Sec. 13. (a) Street or
Highway. The entire width between the boundary
lines of every way publicly maintained when any
part thereof is open to the use of the public
for purposes of vehicular travel."

Article 6701d contains no definition of a commissioned
member of the Department of Public Safety, but Article
4413(7), Vernon's Civil Statutes, provides that the Director
of the Department of Public Safety shall issue commissions
as law enforcement officers to members of the Texas Rangers,
members of the Texas Highway Patrol, and to other officers
as may be employed by the Department of Public Safety. No
provision is made for commissioning sheriffs and deputies
as law enforcement officers of the Department of Public
Safety. Sheriffs, constables, and police chiefs are made
associate members of the Department of Public Safety by
Article 4413(19), Vernon's Civil Statutes, and are entitled
to rights and privileges granted by the Department. The
statute lists no rights and privileges, however. Article
4413(19) does not grant to sheriffs and deputies the authority
to act as commissioned law enforcement officers of the Depart-
ment of Public Safety.

This office interprets the first question as asking
whether the sheriff and his deputies have the authority to
act under Article 6701d, Section 94(c). The grant of authority
to remove vehicles under that Section is directed to commis-
sioned members of the Department of Public Safety and does not
extend to sheriffs and deputies, since sheriffs and deputies

are not commissioned members of the Department. Thus, the answer to the first question is that sheriffs and deputies have no authority to act under Article 6701d, Section 94(c). This answer applies also to Section 94(d).

Sheriffs and deputies do have authority under some of the conditions outlined in Article 6701d, Section 94(c). Section 94(a) and Section 94(b) of Article 6701d provide authority for removal of automobiles by any police officer, including sheriffs and deputies, whenever the conditions stated therein are met. A sheriff or deputy can act under Section 94(b) to remove a car parked under conditions outlined in Section 94(c)(1) to the nearest garage or other place of safety. The vehicles found under the conditions outlined in Section 94(c)(2), (4), (5), and (6) can be moved off the paved or main-traveled portion of the highway under the authority of Section 94(a).

Sheriffs and deputies have the authority to remove a motor vehicle from a public road when they have probable cause to believe it has been stolen. Sheriffs and deputies are designated as peace officers by Article 2.12, Vernon's Code of Criminal Procedure, and are given the duty and authority to preserve the peace by all lawful means in Article 2.13, Article 2.17, and Article 2.20, Vernon's Code of Criminal Procedure. Peace officers may seize illegally acquired vehicles under a search warrant issued pursuant to Article 18.01, et seq., Vernon's Code of Criminary Procedure. In addition, Article 18.22, Vernon's Code of Criminal Procedure, authorizes any person to prevent the consequences of theft by seizing stolen property and turning it over to a peace officer or magistrate. Disposition of stolen property is made according to Article 47.01, et seq., Vernon's Code of Criminal Procedure.

Under Section 94(a) sheriffs and deputies are authorized to move vehicles to a position off of the paved and main traveled part of the highway under conditions defined in Section 93. Also, under Section 94(b) sheriffs and deputies may move a vehicle to the nearest garage or other place of safety if it is found unattended upon a bridge, causeway, or tunnel and constitutes an obstruction to traffic. Therefore, sheriffs and deputies can react to certain of the conditions enumerated in Section 94(c) but only under the authority and within the limitations prescribed in Section 94(a) or Section 94(b), as the case may be. For example, a

sheriff or deputy has the same authority under Section 94(b) as a commissioned member of the Department of Public Safety with respect to the conditions described in Section 94(c)1, relating to unattended vehicles on bridges, viaducts and tunnels.

Further bearing on your second question, we are of the opinion that the Commissioners Court of Harris County may, by proper order, grant to the Sheriff of Harris County and his Deputies the same authority with respect to vehicles on the county roads of Harris County as is granted to commissioned members of the Department of Public Safety under Section 94(c) and (d) of Article 6701d.

Under Article 2351, Vernon's Civil Statutes, the Commissioners Court has general control and jurisdiction of county roads, and it is the trustee of such roads for the benefit of the public. Hill Farm, Inc. v. Hill County, 436 S.W.2d 320 (Tex.Sup. 1969). In the Hill County case, supra, Hill Farm, Inc., had placed a pipeline within the right-of-way of a county road without permission of the Commissioners Court of Hill County. The court held that the Commissioners Court had the power to require the removal of the pipeline from the right-of-way, even though the pipeline did not interfere with the maintenance or use of the road.

Section 27 (a) and 1 of Article 6701d is as follows:

"(a) The provisions of this Act shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:

"1. Regulating the standing or parking of vehicles; . . ."

Section 12 of Article 6701d defines a local authority as:

"Every county, municipal, and other local board or body having authority to enact laws relating to traffic under the constitution and laws of this state."

In Section 169 of Article 6701d Commissioners Courts are authorized to establish maximum prima facie speed limits on

county roads outside the limits of the state highway system. And, under Article 6701g, Vernon's Civil Statutes, the Commissioners Court of any county having a population of 150,000 or more (which includes Harris County, of course) may establish restricted traffic zones on county roads. Thus, although the authority is limited, the Commissioners Court of Harris County is a local body having authority to enact laws relating to traffic and is therefore within the definition of "local authorities" as used in Section 27. Our reasoning concludes with the proposition that the power to regulate the standing or parking of vehicles on county roads incidentally includes the power to assign to sheriffs and deputies of the county the rights and duties described in Section 94(c) and (d).

SUMMARY

The Sheriff of Harris County and his Deputies have no authority to act under Article 6701d, Section 94(c), V.C.S., but can act in the manner and under the circumstances provided in Section 94(a) and (b). The Sheriff and his Deputies can remove a vehicle under the authority of a warrant or when they have probable cause to believe the vehicle has been stolen or when they are acting pursuant to a lawful arrest of the driver or person in control of the vehicle. The Commissioners Court of Harris County may, by proper order, grant to the Sheriff of Harris County and his Deputies the same authority with respect to vehicles on the county roads of Harris County as is granted to commissioned members of the Department of Public Safety under Section 94(c) and (d) of Article 6701d.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

AW:dc

Prepared by Alfred Walker
Assistant Attorney General

Mr. Joe Resweber, page 7, (M-467)


APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Jim Broadhurst
Rick Fisher
Malcolm Quick
James McCoy

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant

NOLA WHITE
First Assistant